# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JOHNNY NELSON, # 187673 | * | |
| Petitioner | * | |
| | * | |
| v. | * | Civil Action No. CCB-07-1946 |
| | * | |
| KATHLEEN GREEN, Warden, *et al.* | * | |
| Respondents | * | |
| | oOo | |

## MEMORANDUM

Before the court is a pro se 28 U.S.C. §2254 petition for federal habeas corpus relief filed by Johnny Nelson, an inmate at the Eastern Correctional Institution, challenging his convictions in 1987 for attempted second-degree murder and a related handgun offenses in the Circuit Court for Baltimore City. Respondents, by their counsel, have moved to dismiss the petition as time-barred. Nelson has filed a reply. Upon review of the pleadings, exhibits and applicable law, the court finds no hearing is necessary and the petition is untimely. The petition will be dismissed by separate order.

**I. Procedural Background**

On April 29, 1987, Nelson was convicted in the Circuit Court of Baltimore City of attempted second-degree murder, handgun possession, and use of a handgun in the commission of a crime of violence.[1] The Circuit Court sentenced him to a total of forty years incarceration.

On March 9, 1988, the Court of Special Appeals affirmed the convictions. Nelson filed a petition for writ of certiorari to the Court of Appeals of Maryland which was denied on May 31, 1988. Nelson did not seek further review before the Supreme Court of the United States.

Nelson filed a petition for post-conviction relief in the Circuit Court for Baltimore City on

---

[1] Nelson was also convicted of assault, but does not challenge that conviction in the petition.

July 18, 1988.  The Circuit Court denied the petition on December 21, 1990.  Nelson did not file an application for leave to appeal the ruling.  Since then, Nelson has no post-conviction or other collateral review proceedings pending in state courts.  The instant petition was filed on July 16, 2007.[2]

## II. Statute of Limitations

A one-year statute of limitations applies to federal habeas petitions challenging state convictions. *See* 28 U.S.C. §§ 2244(d),[3] 2254.  This one-year period is tolled while properly filed

---

[2] The Clerk received the petition on July 23, 2007.  For the purpose of assessing timeliness under 28 U.S.C. § 2244(d), the court assumes that the petition was delivered to prison officials for mailing on the date it was signed, July 16, 2007.  *See Houston v. Lack*, 487 U.S. 266 (1988); *United States v. Dorsey*, 988 F. Supp. 917, 919-20 (D.Md. 1998).

[3] 28 U.S.C. § 2244(d) provides:

> (1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of-
>
> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

post-conviction proceedings are pending and may otherwise be equitably tolled. *See* 28 U.S.C. §2244(d)(2); *Harris v. Hutchinson,* 209 F.3d 325, 328 (4th Cir. 2000). In his reply, Nelson posits that the Antiterrorism and Effective Death Penalty Act of 1996, the legislation which enacted the one-year filing deadline, is "void for vagueness," but provides no legal basis for his contention.[4]

In order to be entitled to equitable tolling, a petitioner must establish that extraordinary conduct beyond his control or external to his own conduct caused the delay. *See Rouse v. Lee*, 339 F.3d 238, 246 ( 4th Cir. 2003); *Harris*, 209 F.3d at 330. "[A]ny resort to equity must be reserved for those rare instances where . . . it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id*. Generally, a petitioner seeking equitable tolling must demonstrate that he has been diligently pursuing his rights and that some extraordinary circumstance stood in his way to prevent him from filing a timely petition. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Rouse*, 339 F.3d at 246.

Nelson fails to demonstrate that he has diligently pursued his rights and fails to show extraordinary circumstances warranting equitable tolling. To the extent Nelson's ten-year delay in filing his federal petition can be attributed to his lack of understanding of the law, unfamiliarity with the law may not be used to justify equitable tolling. *See United States v. Sosa,* 364 F.3d 507, 512 (4th Cir. 2004). In short, Nelson has failed to satisfy his burden to demonstrate that equitable tolling

---

> (2)   the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

[4] Nelson also states that when he "filed a motion for dismissal," it was denied "for reasons not at all clear to Petitioner." Reply. Nelson does not identify the state court or proceeding in which he filed the referenced motion, nor explain why he believes this provides a basis for equitable tolling.

is warranted.

**III. Analysis**

Nelson's convictions became final on August 29, 1988, when the time for seeking review of the Court of Appeals of Maryland decision in the Supreme Court of the United States elapsed. *See* Sup. Ct. Rule 13.1 (providing ninety days to file for certiorari). A one-year grace period applies to habeas petitions where the conviction became final prior to April 24, 1996, the date the statutory one-year limitations period went into effect. *See Brown v. Angelone,* 150 F.3d 370, 371-76 (4th Cir. 1998); *see also Hernandez v. Caldwell*, 225 F.3d 435-40 (4th Cir. 2000) (holding that the limitations period begins to run on April 25, 1996 and expires on April 25, 1997, for convictions which became final before April 24, 1996). This means that the one-year limitations period began to run on April 25, 1996, and elapsed on April 25, 1997. Nelson did not file any state post-conviction proceedings to toll the running of the limitations period. Consequently, when Nelson filed for federal habeas relief on July 16, 2007, it was approximately ten years after the limitations period had ended, and the petition is untimely.

A separate Order follows.

| | |
|---|---|
| October 30, 2007 | /s |
| Date | Catherine C. Blake |
| | United States District Judge |